UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY J. SCOTT,

    Plaintiff,

                              CASE NO. 07-CV-11560-DT
                              JUDGE DAVID M. LAWSON
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

UNITED STATES OF AMERICA,

    Defendant.
                                      /

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS (Doc. Ent. 4)

**I.**     **RECOMMENDATION:** The Court should grant defendant's motion to dismiss. Doc. Ent. 4.

**II.**     **REPORT:**

**A.**     **Introduction**

On or about March 3, 2007, plaintiff filed a small claims affidavit and claim in the 36th District Court for the State of Michigan against United States Postal Service Employee Pam Johnson. Plaintiff alleges that on or about January 19, 2007, he "did not [receive] Voco Pro UHF 5800 Pro 4 Channel Wireless Mic System the day it was delivered to [the] Post Office to [his] house [at] 5200 Concord St[.]" Plaintiff seeks damages in the amount of $392.19, plus court costs. Doc. Ent. 1 at 6.

Defendant removed the matter to this Court on April 5, 2007, primarily on the bases of 28 U.S.C. § 2679(d)(2)[1] and 28 U.S.C. § 1442(a)(1) ("Federal officers or agencies sued or prosecuted"). Doc. Ent. 1 at 2 ¶¶ 5, 6, 8. According to the notice of removal, Pam Johnson "was the customer service representative that assisted plaintiff with his initial inquiry to the Postal Service regarding the lost package."[2] The government interprets this suit as "a tort claim for negligence." Doc. Ent. 1 at 2 ¶ 3.

On April 6, 2007, a notice was filed substituting as a defendant the United States of America for Johnson. Doc. Ent. 2.[3] Judge Lawson has referred this case to me for general case management. Doc. Ent. 5.[4]

---

[1] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2).

[2] The government has filed a certification providing that Johnson "was acting within the scope of her employment as an employee of the United States" at the time of the incident referred to in the complaint. Doc. Ent. 1 at 8.

[3] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

[4] Although originally assigned to Judge Tarnow, this case has been reassigned to Judge Lawson. Doc. Ent. 3.

2

Currently pending before the Court is defendant's April 17, 2007 motion to dismiss. Doc. Ent. 4. On April 20, 2007, I entered a scheduling order which directed plaintiff to file any response by Friday, June 29, 2007. Doc. Ent. 6. To this date, no response has been filed.[5]

**B.     Fed. R. Civ. P. 12**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**C.     Analysis**

**1.     Plaintiff has not exhausted his administrative remedies as required under the Federal Tort Claims Act (FTCA).**

Defendant argues that plaintiff's complaint should be dismissed "because plaintiff failed to exhaust his administrative remedies before filing suit[.]" Doc. Ent. 4 at 3. Under the FTCA, a claim must be presented to the appropriate federal agency before a tort action may be filed against the United States. *See* 28 U.S.C. § 2675(a). This section states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

---

[5]The address on plaintiff's complaint (5200 Concord Street, Detroit, MI 48211), which is also the address of record, is attributed to Chauncey J. Scott on www.whitepages.com. Therefore, the Court has no reason to believe that plaintiff is not receiving information regarding this case.

shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). "[T]he purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993)).

To satisfy this requirement courts require proof of: (1) written notice sufficient to enable the appropriate agency to investigate; and (2) a value placed on the claim. *Glarner v. United States, Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) (citing *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). A claimant can satisfy this administrative requirement by completing a Standard Form 95 (SF-95) and presenting it to the appropriate agency; however, this form is not necessary for doing so. *See* 28 C.F.R. § 14.2(a); *Glarner*, 30 F.3d at 700. Further, a claim is not deemed presented unless the federal agency actually receives notice of it. 28 C.F.R. § 14.2(a). Thus, if a claimant mails a notice and it is not received by the agency there is no presentment. *Bailey v. United States*, 642 F.2d 344, 346-47 (9th Cir. 1981); *Crack v. United States*, 694 F.Supp. 1244 (E.D. Va 1988).

The burden is on the party seeking recovery under the FTCA to plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See In Re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead

and prove compliance with the statutory requirements [of 28 U.S.C. § 2401(b)].") (citing cases). *Altman v. Connally*, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of the claim to the appropriate federal agency and a final disposition of the claim by that agency, as required by 28 U.S.C. § 2675.").

As defendant points out, plaintiff's complaint does not include allegations of compliance with the requirements of 28 U.S.C. § 2675(a). Doc. Ent. 4 at 8; Doc. Ent. 1 at 6. Furthermore, defendant has supplied the April 16, 2007 affidavit of Gracia E. Carter, an employee of the United States Postal Service, which provides:

> . . . there is no record that plaintiff, Chauncey J. Scott, or authorized agent or legal representative, has presented to the Postal Service an executed Standard Form 95 (Claim for Damage, Injury or Death) or other written notification of allegations of the Postal Service mishandling the mail, accompanied by a claim for money damages in a sum certain on behalf of Chauncey J. Scott's alleged injuries, damages or loss as required by the [FTCA], 28 U.S.C. § 2675(a), and the regulations promulgated pursuant to that Act, 28 C.F.R. § 14.2 and 39 C.F.R. § 912.5.

Doc. Ent. 4-2 at 1 ¶ 3.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."). As the courts have explained, the administrative claim prerequisite is a jurisdictional requirement which cannot be waived. *See Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) ("These conditions [Sections 2675(a) and 2401(b)] are jurisdictional requirements, not capable of waiver or subject to estoppel.") (citing *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir.

1974)). *See also Juide v. City of Ann Arbor*, 839 F.Supp. 497, 508 (E. D. Mich. 1993) ("The administrative claim requirement is a jurisdictional requirement which is not capable of waiver.") (citing *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir.1981); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.1982)); *Pan American Pharmaceuticals, Inc. v. Shelin*, No. 91-1837, 91-1839, 1992 WL 358481, 8 (6th Cir. Dec. 3, 1992) ("The plaintiffs have failed to exhaust their administrative remedies, as required by 28 U.S.C. § 2675(a), and their claim must therefore be dismissed."); *Modla v. United States*, No. 84-1524, 1985 WL 13797, *1 (6th Cir. Oct. 9, 1985) (citing cases) ("Since the plaintiff also failed to allege that he has exhausted his administrative remedies as required by 28 U.S.C. § 2675(a), the suit could not be maintained under the Federal Tort Claims Act.").

Accordingly, the Court should agree with defendant that "[t]his suit is barred by sovereign immunity because plaintiff failed to exhaust his administrative remedies before bringing suit as required by the FTCA." Doc. Ent. 4 at 7.

**2.      Plaintiff's claim appears to fall within an exception to the FTCA's waiver of sovereign immunity.**

Defendant argues "plaintiff's claim against the government for money damages arising from the loss, miscarriage, or negligent transmission of his postal matter is not actionable because it is barred by sovereign immunity." Doc. Ent. 4 at 8. "The provisions of [§§ 2671-2680] and section 1346(b) of this title shall not apply to . . . (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C.A. § 2680(b). *Davric Maine Corp. v. United States Postal Service*, 238 F.3d 58, 62 (1st Cir. 2001) ("Section 2680(b) excepts any claim 'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter' from the FTCA's waiver of sovereign immunity."); *Anderson v. United*

6

*States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985) ("Anderson's tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it."); *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 759 (5th Cir. 1982) (citing cases) (Section "2680(b) retains sovereign immunity with respect to claims of negligent handling of the mails. Hence plaintiff's suit must fail.").[6]

Therefore, to the extent plaintiff's complaint alleges misdelivery or nondelivery of mail, the Court should agree with defendant that "this Court lacks subject matter jurisdiction, and plaintiff's complaint fails to state a cause of action upon which relief can be granted." Doc. Ent. 4 at 9. It should further agree with defendant that plaintiff's "complaint should be dismissed because claims for lost, miscarried, or negligently transmitted mail are barred by sovereign immunity[.]" Doc. Ent. 4 at 3, 8.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

---

[6]As defendant points out, the Sixth Circuit has mentioned Section 2680(b) in some unpublished opinions. Doc. Ent. 4 at 9. *Livingston v. Martin*, 28 Fed.Appx. 434, 435 (6th Cir. Jan. 24, 2002) ("even if Livingston had named the United States as a defendant, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail which are filed under the FTCA."); *Griffin v. United States Postal Service*, No. 98-3814, 1999 WL 282628, *1 (6th Cir. Apr. 30, 1999) (same); *Cikraji v. Cikraji*, 1998 WL 808359, *2 (6th Cir. Nov. 9, 1998); *McFadden v. United States Postal Service*, No. 90-2091, 1991 WL 78788, *1 (6th Cir. May 15, 1991) ("The United States has not waived its sovereign immunity from civil suit as to claims against the Postal Service stemming from the negligent transmission of the mail."); *Rowser v. United States Postal Service*, No. 95-1699, 1996 WL 143463, *1 (6th Cir. Mar. 28, 1996). *See also Azalam v. United States Postal Service*, No. 06-15390, 2007 WL 956929, *7 (E. D. Mich. Mar. 28, 2007) (slip copy); *Willett v. Morrice Post Office*, No. 05-72296, 2005 WL 1981302, *2 (E. D. Mich. Aug. 16, 2005).

7

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 10/23/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 23, 2007.

s/Eddrey Butts<br>
Case Manager